### MOENCH v. YUNG.

*(Common Pleas of New York City and County, General Term. February 10, 1890.)*

LANDLORD AND TENANT—LEASE—DISORDERLY HOUSE.

In proceedings to dispossess a tenant on the ground that she kept a house of ill fame, evidence that she kept an intelligence office on the second floor, and that her customers gathered in a hallway common to the whole building, and were guilty of improper conduct without her knowledge, shows no cause of action.

Appeal from ninth district court.

Dispossessory proceedings instituted by John Moench, landlord, against Mary Yung, tenant, on the ground that the latter kept a bawdy-house or house of assignation. Judgment for the landlord. The tenant appeals.

Argued before LARREMORE, C. J., and DALY, J

*W. H. Knox,* for appellant. *C. H. Preyer,* for respondent.

LARREMORE, C. J. The *gravamen* of the charge against the appellant must depend upon her knowledge, actual or presumptive, of the alleged offense. *King* v. *People,* 83 N. Y. 587. It was not disputed that the appellant had an intelligence office for the employment of help. She was not responsible for the moral character of the many applicants who sought to avail themselves of her services. They were not in her immediate employ, nor had she the control of their actions after their application for services had been made. To hold her liable under a statute which is strictly penal in its character, knowledge must be brought home to her of the immoral acts complained of, and that she had the authority to prevent them. That these applicants gathered in a hallway common to the whole building, and were guilty of improper acts without the knowledge or acquiescence of the appellant, furnishes no ground for complaint or cause of action. It appears that several members of appellant's family resided with her, and that the bed-chamber accommodation of her apartments were not more than sufficient for her use. The dinner-table scenes set forth in the return may have been the result of over-exuberance and hilarity, but nothing of a criminal or immoral character appears to have resulted therefrom. As the judge did charge the jury upon one request of appellant's counsel, his refusal to charge the request as to appellant's knowledge of the transaction complained of was error, and possibly may have misled the jury. I think the proceeding should be set aside, and a rehearing had, with costs to abide the event.